ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ELOY MARÍN CRUZ Y MERCEDES SÁNCHEZ ABREU<br><br>Demandantes<br><br>v.<br><br>COSTA LINDA SENIOR RESORT, INC., Y OTROS<br><br>Recurrida<br><br>v.<br><br>Juan Rafael Martino Díaz<br><br>Peticionario | **TA2025CE00575** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Arecibo<br><br>Civil Núm.: AR2024CV01625<br><br>Sobre: Incumplimiento de Contrato y Otros |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

**<u>RESOLUCIÓN</u>**

En San Juan, Puerto Rico a 6 de noviembre de 2025.

Comparece ante este foro el Dr. Juan Rafael Martino Diaz (Dr. Martino o "el peticionario") mediante recurso de *certiorari* solicitando la revisión de la *Resolución y Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo, notificada el 20 de agosto de 2025. Mediante el referido dictamen, el foro primario declaró *NO HA LUGAR* a la *Moción de Desestimación* instada por el peticionario.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el *certiorari* de epígrafe.

**I.**

El 26 de agosto de 2024 el Sr. Eloy Marín Cruz y la Sra. Mercedes E. Sánchez Abreu ("los demandantes"), presentaron una *Demanda* contra Costa Linda Senior

Resort, el Sr. Gustavo Centeno Negrón, la Sra. Yiseliz García Rosario y la Sociedad Legal de Gananciales compuesta por ambos ("los recurridos") por incumplimiento de contrato, daños y perjuicios.[1] En esencia, alegaron que en 2018 las partes de epígrafe crearon el Centro de Envejecientes Costa Linda Senior Resort Inc., por lo cual, sostenían una relación profesional y de negocios en torno a la operación de dicho centro de cuidado de envejecientes. Añadieron que para los años 2022 y 2023 suscribieron un contrato de servicios profesionales. No obstante, mencionaron que debido a ciertas diferencias ocurridas, los demandantes fueron desalojados del negocio en agosto de 2023.

El 14 de noviembre de 2024, los recurridos presentaron su *Contestación a Demanda y Reconvención*.[2] En la cual, alegaron que los demandantes nunca fueron accionistas de la corporación y que fungieron solo como administradores del Centro de Envejecientes. Por su parte, en la reconvención adujeron que, mientras los demandantes laboraban en el Centro de Envejecientes, comenzaron a realizar gestiones con los residentes para que estos abandonaran Costa Linda Senior Resort y se mudaran al Hogar Casa de Campo, hogar del cual los demandantes eran propietarios. Manifestaron que, como resultado de esas gestiones, 10 residentes se mudaron con los demandantes. Razón por la cual reclamaron daños por incumplimiento de contrato y daños extracontractuales.

El 16 de diciembre de 2024, los recurridos presentaron una *Demanda Contra Terceros Enmendada*,

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] *Contestación a Demanda y Reconvención*, entrada núm. 15 en SUMAC.

incluyendo en el pleito al Dr. Juan Martino Díaz, Casa de Campo Senior Resident Inc., Casa de Campo Senior Resident II Inc., y Casa de Campo Senior Resident III Inc.[3] Adujeron que, el Dr. Martino prestó servicios médicos en el Centro Costa Linda hasta la fecha del 23 de agosto de 2023. Añadieron que, para marzo de 2024, los demandantes y el Dr. Martino provocaron la mudanza de 11 residentes del Centro, lo que le causó pérdidas económicas. Finalmente arguyeron que, tanto los demandantes como el peticionario utilizaron información obtenida durante su empleo para interferir torticeramente con los contratos habidos entre Costa Linda y los residentes.

Luego de varias incidencias procesales, el 9 de mayo de 2025, el Dr. Martino presentó una *Moción en Solicitud de Desestimación* mediante la cual solicitó se desestimara la causa de acción en su contra por entender que se encontraba prescrita.[4]

El 9 de junio de 2025, los recurridos presentaron su *Oposición a "Moción de Desestimación"*, manifestando que el alegado daño ocurrió en marzo de 2024, fecha en la cual los terceros demandados retiraron a los 11 residentes del Hogar Costa Linda, razón por la cual reafirmaron que la reclamación no se encontraba prescrita.[5]

El 20 de agosto de 2025, el Tribunal de Primera Instancia, notificó la *Resolución y Orden* recurrida, en la cual declaró *NO HA LUGAR* la desestimación solicitada por el peticionario.[6]

---

[3] *Demanda Contra Terceros Enmendada*, entrada núm. 30 en SUMAC.
[4] *Moción en Solicitud de Desestimación*, entrada núm. 62 en SUMAC.
[5] *Oposición a "Moción de Desestimación"*, entrada núm. 76 en SUMAC.
[6] *Resolución y Orden*, entrada núm. 88 en SUMAC.

Posteriormente, el 4 de septiembre de 2025, el Dr. Martino presentó una *Moción en Solicitud de Reconsideración y Sobre Determinación de Hechos Iniciales*.[7] Sin embargo, el 8 de septiembre de 2025, el foro primario la declaró *NO HA LUGAR*.[8]

Inconforme, el 8 de octubre de 2025, el Dr. Martino presentó el recurso de *certiorari* que nos ocupa, y formuló los siguientes señalamientos de error:

> PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE DESESTIMACIÓN Y DETERMINAR QUE LA DEMANDA CONTRA TERCERO ENMENDADA NO ESTÁ PRESCRITA.

> SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE DESESTIMACIÓN, TODA VEZ QUE QUEDO DEMOSTRADO QUE EL RECURRIDO NO PRESENTÓ ALEGACIONES SUFICIENTES PARA UNA CAUSA DE ACCIÓN EN DAÑOS POR INTERFERENCIA CONTRACTUAL TORTICERA.

El 9 de octubre de 2025, emitimos una *Resolución*, mediante la cual se le concedió a la parte recurrida un término de quince (15) días a partir de la fecha de la presentación del recurso para oponerse y expresarse sobre los méritos del recurso.

En cumplimiento con nuestra orden, el 23 de octubre de 2025, la parte recurrida presentó su *Oposición a Recurso de Certiorari*.

Por lo tanto, con la comparecencia de todas las partes, procedemos a atender el recurso de epígrafe.

## II.

El recurso de *certiorari* constituye un vehículo procesal discrecional permite a un tribunal de mayor jerarquía pueda revisar las órdenes o resoluciones interlocutorias emitidas por una corte de inferior

---

[7] *Moción en Solicitud de Reconsideración y Sobre Determinación de Hechos Iniciales*, entrada núm. 92 en SUMAC.
[8] *Resolución*, entrada núm. 93 en SUMAC.

instancia judicial, *McNeil Healthcare LLC v. Mun. Las Piedras*, 206 DPR 391, 403 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial, *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).

En los procesos civiles, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Es decir, cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo." Cabe resaltar que esta regla limitó los asuntos interlocutorios que el Tribunal de Apelaciones podía revisar al entender que estos podían esperar hasta la conclusión del caso para ser revisados en apelación, *800 Ponce de León v. AIG*, supra. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales,
> (2) en asuntos relacionados a privilegios evidenciarios,
> (3) en casos de anotaciones de rebeldía,
> (4) en casos de relaciones de familia,
> (5) en casos revestidos de interés público o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia, *800 Ponce de León v. AIG*, supra.

El examen del *certiorari* no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG,* supra. Para ello, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada*, In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd*.

Un *certiorari* sólo habrá de expedirse si, al menos, uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención. De no ser así, procede que nos abstengamos de expedir el auto solicitado, de manera que se continúen los procedimientos del caso sin mayor dilación en el foro de primera instancia.

Nuestro Tribunal Supremo ha sido enfático en que los foros revisores "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto." *Rodríguez et al. v. Hospital et al.,* 186 DPR 889, 908-909 (2012); *Serrano Muñoz v. Auxilio Mutuo,* 171 DPR 717, 741 (2007); *Álvarez v. Rivera,* 165 DPR 1, 25 (2005). Sin embargo, es preciso reseñar que nuestro más Alto Foro también ha reconocido que "la tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil." *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434 (2013), citando a *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000). A tales efectos, ha manifestado considerar "que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad." *SLG Zapata-Rivera v. J.F. Montalvo,* supra, págs. 434-435.

Así, nuestro Tribunal Supremo define el concepto de "discreción" como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012), citando a *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009), entre otros. De esa manera, la discreción se nutre de "un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia […]." *SLG Zapata-Rivera v. J.F. Montalvo,* supra, pág. 435, citando a *Santa Aponte v. Srio. del Senado,* 105 DPR 750, 770 (1977).

### III.

En el caso de autos, el peticionario, en su primer señalamiento de error, alega que erró el foro primario al no desestimar la reclamación instada en su contra,

puesto que, a su juicio se encontraba prescrita. Mientras que, en su segundo error, sostiene que el recurrido no presentó alegaciones suficientes que justificaran un remedio.

Luego de evaluar la totalidad del expediente ante nuestra consideración, en virtud de la Regla 52.1 de Procedimiento Civil, *supra, y* a la luz de los criterios dispuestos en nuestra Regla 40, *supra*, rechazamos revisar el dictamen recurrido e interferir con dicho ejercicio discrecional por parte del foro primario. Consideramos que el foro primario actuó adecuadamente y dentro de su margen discrecional. Es norma reiterada que este foro revisor no debe intervenir en las actuaciones discrecionales del Tribunal de Primera Instancia, en ausencia de que dicho foro haya incurrido en abuso de discreción.

Por ello, en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de certiorari que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, supra, y la Regla 40 de nuestro Reglamento, supra.

### IV.

Por los fundamentos antes expuestos, se **DENIEGA** el *certiorari* de epígrafe.

Lo pronunció y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones